JAMES McKEE, Respondent, *against* RICHARD HECKSHER, Appellant.

(Decided February 6th, 1882.)

Freight is not earned, under a bill of lading calling for the delivery, from a canal boat, at a specified pier, of a cargo of coal "alongside," if the boat sinks with the cargo after arrival at such pier and notice thereof to the consignee, but before a reasonable time for him to take the coal from the boat has elapsed.

APPEAL from a judgment of a district court in the City of New York.

The facts are stated in the opinion.

VAN BRUNT, P. J.—This was an action to recover freight upon a cargo of coal, by the owner of a canal boat. The bill of lading called for the delivery at Jackson Street, East River, of a cargo of coal alongside.

The vessel arrived alongside the pier, of which arrival, the defendant, the consignee, had notice; but before he had an opportunity to take the coal from the boat she sank.

Upon the trial of the case in the court below the court held that, the boat having arrived alongside of the pier, the freight was earned.

A very brief consideration of the contract of a carrier will show such judgment to have been erroneous. The uniform course of decisions upon this subject is that the obligation of the carrier continues after the arrival at the point or place of delivery until a reasonable time after such arrival in order to allow the consignee to take possession of the goods. It is true that no case can be found which entirely covers the one at bar, but the principle has been established by a long series of decisions, and is recognized in Angel on Carriers, section 315 *et al.*, as the principle which comprises all contracts of carriers. Indeed no other rule could possibly prevail, because, if the contention of the plaintiff is correct, if merchandise is to be delivered upon the wharf, then the carrier is absolved from his obligation as a carrier the moment the goods are upon the wharf, notwithstanding the consignee or owner of the goods may not have had the slightest opportunity to reduce them to possession. The rule in such cases is universal, that the obligations of the carrier do not cease until the consignee or owner has had notice of arrival and a reasonable time in which to remove. In the case at bar it is conceded from the record that the defendant had no time within which to take the coal out of the boat prior to the time when she sank. If the plaintiff's contention is true, then in contracts of this description, freight would be earned even if the boat sank instantly upon her touching the pier at which she was to deliver her cargo. No such rule as that can possibly prevail without upsetting all the principles which control contracts of carriers.

The case which was relied upon by the counsel for the appellants in 17 Barb. 184, expressly recognizes this rule. There the boat lay at the place of destination ready to deliver the cargo for several days before the happening of the accident; and the court there held that the owner, having had

McKee *v.* Hecksher.

a reasonable time within which to remove the merchandise after its arrival at the port of destination, the freight was earned notwithstanding the subsequent loss of the cargo.

The term " alongside " involves no more than that the freighter was not bound to deliver the cargo upon the wharf, but that the consignee should take it from the boat himself.

The plaintiff in this action would have no greater right to recover than if his contract required him to deliver the coal upon the wharf, and he got it upon the wharf, but the owner had no opportunity to retake possession of the coal before the wharf sank and the coal was lost. In such a case it is perfectly clear that freight would not be earned. And that it was the understanding of the parties that the owner was to have a reasonable time in which to take possession of the coal is evidenced by the bill of lading itself, because it provides that the owner should have four days, exclusive of the day of reporting, and exclusive of Sundays and holidays, within which to remove that cargo—demurrage not commencing until after such four days shall have expired. It would appear, therefore, that the canal boat having sunk before the owner had an opportunity to take possession and remove the coal from her, a right to recover freight never became vested in the plaintiff.

The judgment must therefore be reversed.

BEACH, J., concurred.

Judgment reversed.